UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOUSTON CASUALTY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST BORING COMPANY, INC. a Washington corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

Plaintiff Houston Casualty Company ("HCC"), by and through its undersigned attorneys, alleges as follows:

## I. PARTIES

1. Plaintiff HCC is now and at all relevant times a corporation duly organized and existing under the laws of the state of Texas with its principal place of business in the city of Houston, in Harris County, Texas.

2. Defendant Northwest Boring Company, Inc. ("Northwest Boring") is now and at all relevant time a corporation duly organized and existing under the laws of the state of Washington with its principal place of business in the city of Woodinville, in King County, Washington.

COMPLAINT FOR DECLARATORY RELIEF - 1 of 4
[Complaint for Declaratory Relief]

3. This Court has proper jurisdiction over this matter under 28 USC § 1332 (a)(1) and (c) because Plaintiff and Defendant are citizens and maintain their principal places of businesses in the states of Texas and Washington, respectively, and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court under 28 USC § 1391(b)(1) and (2), (c)(2) and (d) because Defendant Northwest Boring is a resident of King County and the Western District is where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. The Seattle division is the appropriate division under Local Civil Rule 3(e) because Northwest Boring has its principal place of business in King County and the claim arose in King County.

## II.  FACTS OF THE LOSS AND INSURANCE CLAIM

5. Stellar J Enterprises, Inc. ("Stellar J") contracted with King County for the replacement of a sewer tunnel under the Lake Washington Ship Canal in Seattle ("the Project"), which involved the excavation of two secant pile access shafts located at 215 N.W. 36th St. and at 322 W. Ewing St., both in Seattle.

6. HCC issued Completed Value Builders Risk Policy No. H14CP90067-00 (the "HCC Policy") to Stellar J for the Project. The HCC Policy had a policy period of December 18, 2104 to December 18, 2016, later extended by endorsement to January 22, 2017. Northwest Boring qualifies as an insured under the HCC Policy. Per the declarations of the HCC Policy, Stellar J did not purchase, and the HCC Policy did not provide, Contractor's Extra Expense coverage.

7. Stellar J subcontracted with Northwest Boring under Subcontract Agreement No. SC640-002 for "micro-tunneling" work for the Project, including provision of a tunnel boring machine. Under the terms of the subcontract, Northwest Boring was required to provide subcontractor's equipment insurance on the tunnel boring machine. The tunnel boring machine is not insured property under the HCC Policy.

COMPLAINT FOR DECLARATORY RELIEF - 2 of 4
[Complaint for Declaratory Relief]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

8. On September 17, 2015, after one of the access shafts had been excavated to approximately 25 feet deep, large amounts of water and soil were observed to have infiltrated into the shaft through uniform vertical gaps between several of the secant piles (the "Loss"). The Northwest Boring tunnel boring machine was idle and unused during the time the shaft was repaired.

9. Northwest Boring has made a claim under the HCC Policy for idle equipment delay costs in an amount in excess of $1 million allegedly incurred as a result of the Loss.

10. Plaintiff HCC determined that no coverage exists under the HCC Policy for Northwest Boring's claim, and informed Northwest Boring of that determination.

### III. REQUEST FOR DECLARATORY RELIEF

11. An actual controversy has arisen and now exists between Plaintiff HCC and Defendant Northwest Boring with respect to coverage under the HCC Policy for Northwest Boring's claim that it is entitled to insurance benefits.

12. HCC therefore seeks a judicial determination and declaration that HCC does not owe any insurance benefits to Northwest Boring under the terms and conditions of the HCC Policy for the Loss.

/ / /

/ /

/

COMPLAINT FOR DECLARATORY RELIEF - 3 of 4
[Complaint for Declaratory Relief]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

## IV. PRAYER

Plaintiff HCC prays for judgment against Northwest Boring as follows:

1. For a judicial determination that HCC does not owe any insurance benefits to Northwest Boring under the terms and conditions of the HCC Policy for the Loss.

2. For an award of its taxable costs and attorney's fees; and

3. For such further relief as the court deems just and equitable.

Dated this 3rd day of January, 2018.

        GORDON THOMAS HONEYWELL LLP

        By /s/ Michael E. Ricketts
            Michael E. Ricketts, WSBA No. 09387
            600 University Street, Suite 2100
            Seattle, WA 98101
            Phone: (206) 676-7500
            Email: mricketts@gth-law.com

        Attorneys for Plaintiff Houston Casualty

COMPLAINT FOR DECLARATORY RELIEF - 4 of 4
[Complaint for Declaratory Relief]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565